James O. ELLIOTT

v.

COMMODITY CREDIT CORPORATION.

Civ. No. 29.

United States District Court
N. D. Indiana,
Hammond Division, at Lafayette.
July 18, 1957.

Thomas W. Munger, Lafayette, Ind., for plaintiff.

Hanna & Crouse, Lafayette, Ind., for defendant.

PARKINSON, District Judge.

This is an action to recover the value of plaintiff's corn destroyed by a fire after the cribs on the land tenanted by the plaintiff in which the corn was stored were sealed by the defendant.

The cause was tried to the court and as the findings of fact and conclusions of law will appear in this opinion it will be filed and will so serve.

The determinative facts are undisputed and establish that the plaintiff was a tenant farmer in Benton County, Indiana, and some time in October, 1954 he talked with the agents of the defendant about obtaining a loan on his 1954 corn crop which was in cribs on the land tenanted by him; on November 4, 1954 application for the loan was reduced to writing, and on November 30, 1954 an agent of the defendant went to plaintiff's home, measured the corn and sealed the cribs; nothing further was done with reference to the loan and on Sunday, December 12, 1954, before the plaintiff had signed any mortgage and any funds were disbursed to the plaintiff, the sealed corn was destroyed by a fire and the following day the plaintiff went to the office of the defendant in Fowler, Indiana, and so reported to the agents of the defendant.

The evidence as to whether the agent of the defendant told the plaintiff his corn was insured by the defendant after it was sealed is in dispute but the determination of that question is unnecessary as the decision of this cause rests squarely on the applicable regulation of the defendant then in effect.

The plaintiff requested the court to take judicial notice of CFR 606.17 and relies thereon for recovery, and the defendant requested the court to take judicial notice of CFR 421.415 and relies thereon to defeat recovery.

On January 6, 1954, as appears in 19 F.R. 55, Title 6 of the Code of Federal Regulations was changed by the Department of Agriculture to conform to its new organization structure following reorganization pursuant to Reorganization Plan No. 2 of 1953, and Subchapter C of Chapter IV, of which 606.17 was a part, was redesignated "Subchapter B—Loans, Purchases, and Other Operations", and the regulations therein contained were renumbered and 606.17 was eliminated. On February 19, 1954, as appears in 19 F.R. 967, Commodity Credit Corporation promulgated regulations applicable to the 1954 crop, of which 6 CFR, 1955 Supp., 421.415 was one, and it provides as follows:

"The producer is responsible for any loss in quantity or quality of the commodity placed under farm-storage or identity-preserved warehouse-storage loans, except that, subject to the provisions of § 421.414, physical loss or damage *Occurring After Disbursement of the Loan Funds* without fault, negligence, or conversion on the part of the producer or any other person having control of the storage structure and resulting solely from an external cause other than insect infestation, rodents or vermin, will be assumed by CCC to the extent of the settlement value at the time of destruction of the quantity of the commodity destroyed or in an amount equivalent to the extent of the damage, as determined by CCC, provided the producer has given the county committee immediate notice, confirmed in writing, of such loss or damage, and provided there has been no fraudulent representation made by the producer in the loan documents or in obtaining the loan. *No Physical Loss or Damage Occurring Prior to Disbursement of the Loan Funds to the Producer Will Be Assumed By CCC.* Where disbursement of funds is made by sight

drafts or check, the date of the draft or check shall constitute the date of disbursement of the funds." (Emphasis supplied.)

On December 12, 1954, when the fire occurred which destroyed plaintiff's corn, 6 CFR, 1955 Supp., 421.415 was in full force and effect and the undisputed evidence is that the plaintiff had not executed the mortgage and no disbursement of the loan funds had been made to the plaintiff at that time.

The contention of the plaintiff that the sealing of the corn by the defendant prior to the fire constituted constructive possession in the defendant and a pledge agreement which would make the defendant liable for the loss fades into complete obscurity in the blinding light of 6 CFR, 1955 Supp., 421.415, which was the law then existent and by which the parties were bound.

This court, therefore, has no alternative but to conclude and hold that under the undisputed evidence and the law applicable thereto the plaintiff is not entitled to recover.

The clerk will enter judgment forthwith in favor of the defendant and that the plaintiff take nothing by reason of his complaint at the costs of the plaintiff.